# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 3, 2023

Lyle W. Cayce
Clerk

No. 22-30481
Summary Calendar

---

Brittany A. Kirkpatrick, Individually and on behalf of KG; Quentin Paul Greene, Individually and on behalf of KG,

*Plaintiffs—Appellants*,

*versus*

School Board of Lafayette Parish; Youngsville Middle School; Anna Ellington, on behalf of her minor child GE,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:20-CV-1612

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

---

\* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-30481

Plaintiffs in this case allege that G.E, a seventh-grade student at Youngsville Middle School, made inappropriate comments to and touched the thigh of K.G., a fellow seventh grader. After an investigation, the School Board briefly suspended G.E. and ordered him to stay away from K.G. Later, in response to a complaint from K.G.'s parents, the school also changed K.G.'s schedule so that she would no longer share a class with G.E. The only subsequent interaction that the two students had was occasionally seeing each other in the halls. Plaintiffs allege that G.E. would smile at K.G. and laugh as he passed.

K.G.'s parents brought a Title IX case for student-on-student harassment against Youngsville Middle School, the School Board of Lafayette Parish, and G.E.'s mother, Anna Ellington. The district court granted summary judgment to the defendants on the grounds that the alleged harassment was not "severe and pervasive" and that the school was not "deliberately indifferent" to the harassment. *See Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011). After dismissing all federal law claims on this basis, the district court declined to exercise supplemental jurisdiction over the remaining state law claims against Ellington.

After reviewing the arguments of both parties and the record, this court agrees that the plaintiffs failed to state a Title IX claim. With no federal claims left to consider, the district court did not abuse its discretion by declining to exercise supplemental jurisdiction over the state law claims. *See St. Germain v. Howard*, 556 F.3d 261, 263–64 (5th Cir. 2009).

Therefore, the judgment of the district court is AFFIRMED. We find no reversible error of law or fact and affirm essentially for the reasons stated in the memorandum ruling of the district court.